UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WALFRIDO RODRIGUEZ VINALES,<br>A 213 260 310,<br><br>　　　　Petitioner,<br><br>vs.<br><br>RAY CASTRO, Warden of the South<br>Texas Detention Center; and<br>ALEJANDRO MAYORKAS, Secretary<br>of the Department of Homeland Security,<br><br>　　　　Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-21-CV-0123-JKP |

## DISMISSAL ORDER

Before the Court is the 28 U.S.C. § 2241 Habeas Corpus Petition (ECF No. 1) filed by Walfrido Rodriguez Vinales ("Petitioner"), who challenges his detention pending removal by the Bureau of Immigration and Customs Enforcement (ICE). On March 2, 2021, Respondents advised the Court that on February 25, 2021, Petitioner was released from detention under an Order of Supervision. (ECF No. 6).

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal citation omitted). A habeas corpus petition is moot, and a federal court is without jurisdiction to address the merits, where the petitioner seeks release but is released from custody before the case can be heard. *Lane v. Williams*, 455 U.S. 624, 631 (1982).

While physical detention is not required for a petitioner to meet the custody requirement and obtain habeas relief, *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), before a court can exercise habeas jurisdiction over a petitioner no longer in custody, "the petitioner must demonstrate that . . . his subsequent release has not rendered the petition moot, *i.e.*, that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Zalawadia v. Ashcroft*, 371 F.3d

292, 296 (5th Cir. 2004). "The petitioner presents an Article III controversy when he demonstrates 'some concrete and continuing injury other than the now-ended [detention] – a 'collateral consequence of the conviction.'" *Id.* at 297 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

In this case, Petitioner sought solely his release from ICE custody. As a result, his release renders his Section 2241 petition moot. *See Francis v. Lynch*, 622 F. App'x 455, 455–56 (5th Cir. 2015) (challenge to ICE detention pending removal was moot where petitioner was no longer detained).

Accordingly, Petitioner's 28 U.S.C. § 2241 Habeas Corpus Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

SIGNED this 3rd day of March, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE